IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARNETTE DAVIS,**<br><br>             **PLAINTIFF,**<br><br>vs.<br><br>**HARRAH'S RESORT ATLANTIC CITY OPERATING COMPANY, LLC D/B/A HARRAH'S RESORT ATLANTIC CITY**<br><br>             **DEFENDANT,** | **CASE NO. 1:22-cv-06189** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Petitioner, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Resort Atlantic City (hereinafter "Movant"), by and through its counsel, Reilly, McDevitt & Henrich P.C., hereby removes the above-captioned state court action, currently pending in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey.  In support of removal, Movants respectfully state as follows:

## BACKGROUND

1. Sharnette Davis ("Plaintiff") filed an action on or around September 19, 2022 alleging a personal injury cause of action, in the Atlantic County Superior Court (the "State Court Action"). See a true and correct copy of Plaintiff's Complaint, attached hereto as Exhibit "A".

2. The Complaint avers that Plaintiff sustained injuries that were caused by when she slipped and fell while on the premises of Harrah's Atlantic City located at 777 Harrah's Blvd., Atlantic City, New Jersey while Plaintiff was a guest on the property. See Exhibit "A."

3. Plaintiff sent correspondence on September 19, 2022, received on September 21, 2022 indicating that Plaintiff's demand in this case is $500,000.00. See Exhibit "B".

4. Thirty days from the receipt of Plaintiff's demand letter will be October 21, 2022.

5. Upon Movant's information and belief, no further proceedings have occurred in the State Court Action.

## BASIS FOR REMOVAL

6. District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 . . . [and] between citizens of different states" See 28 U.S. Code § 1332 (a)(1).

7. A defendant may remove "any civil action brought in a state court of which the district courts . . . have original jurisdiction." See U.S. Code § 1441(a).

8. Upon information and belief, Movant states that diversity of citizenship exists between the parties in controversy as follows:

    a. At the commencement of this action and the filing of the Complaint, upon information and belief, Plaintiff was a citizen of the State of New Jersey. See Exhibit "A".

    b. Harrah's Atlantic City Operating Company LLC is a citizen of the State of Delaware and the State of Nevada. Specifically, Harrah's Atlantic City Operating Company, LLC is held by Caesars Holding, Inc. as sole member. Caesars Holding, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Nevada.

9. According to Plaintiff's demand letter, Plaintiff seeks to recover $500,000.00. See Exhibit "B".

10. The thirty-day period for removal is triggered when Defendant first learns that the matter is removable. See Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997); Nero v. Amtrak, 714 F. Supp. 753 (E.D. Pa. 1989); Presidential Dev. & Inv. Corp. v. Travelers Ins. Co., 1989 U.S. Dist. LEXIS 14499, CIV. A. No. 89-6278, 1989 WL 147616 (E.D. Pa. Dec. 5, 1989); Moore v. City of Philadelphia, 1988 U.S. Dist. LEXIS 4339, CIV. A. No. 88-1424, 1988 WL 50382 (E.D. May 16, 1988), appeal dismissed, 865 F.2d 251 (3d Cir. 1988)).

11. The thirty-day period for removal was not triggered until Defendant received Plaintiff's demand letter on September 21, 2022. See Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997).

12. In this case Plaintiff's Complaint was silent, as it related to damages, but the demand letter indicated that the damages sought was $500,000.00.

13. Movant filed this Notice of Removal within the thirty (30) days of receiving Plaintiff's demand letter.

14. Therefore, this Court may properly remove the State Court Action based on diversity jurisdiction.

15. This Notice of Removal was not filed more than one year after commencement of the action. 28 U.S.C. § 1446(b).

16. The United States District Court for the District of New Jersey has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of diversity jurisdiction of Plaintiff and Movant as set forth with greater particularity above.

17. Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Superior Court of New Jersey, Law Division,

Atlantic County, located within the District of New Jersey.

18. In the interest of judicial economy and the fair adjudication of claims brought before the Court, Movant seeks removal to this Court.

19. A written notice of the filing of this Notice of Removal has been given to all parties in accordance with as required by 28 U.S.C. §1446(d).

20. Promptly after filing in this court and the assignment of a civil action number, a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Superior Court of New Jersey, Law Division, Atlantic County, as required by U.S.C. § 1446(d).  A copy of the notice to be provided to the Superior Court is attached hereto as Exhibit "C."

**WHEREFORE**, Movant, Harrah's Atlantic City Operating Company LLC d/b/a Harrah's Resort Atlantic City respectfully requests that it may affect the removal of this action from the Superior Court of New Jersey, Law Division, Atlantic County to the United States District Court of New Jersey.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: /s/ *Damian S. Jackson*
      Damian S. Jackson
      Anthony J. Giordano
      Attorneys for Defendant,
      Harrah's Atlantic City Operating Company LLC
      d/b/a Harrah's Resort Atlantic City